1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11   MIKE GELLER AND MIKE YARBROUGH      )    Case No.: CV 11-00874 PSG
     AS TRUSTEES OF THE INTERNATIONAL    )
12   BROTHERHOOD OF ELECTRICAL           )    **ORDER TO REASSIGN CASE TO A**
     WORKERS LOCAL 302 HEALTH AND        )    **U.S. DISTRICT JUDGE; REPORT**
13   WELFARE AND PENSION TRUST FUNDS,    )    **AND RECOMMENDATION RE**
                                         )    **PLAINTIFFS' MOTION FOR ENTRY**
14                      Plaintiffs,      )    **OF JUDGMENT**
            v.                           )
15                                       )    **(Re: Docket No. 14)**
     DARYL W. BOWERS, individually and doing )
16   business as BOWERS ELECTRIC,        )
                                         )
17                      Defendant.       )
                                         )
18

19          This action was conditionally dismissed on September 12, 2011, after the parties entered

20   into a Stipulation for Entry of Judgment.[1]   Based on the failure of Defendant Daryl W. Bowers,

21   individually and doing business as Bowers Electric ("Bowers"), to make payments as set forth in

22

23   ---
     [1] *See* Docket No. 13. Because the dismissal was conditional, the undersigned signed the order even
     though neither party had granted consent to proceed before a magistrate judge pursuant to 28
24   U.S.C. § 636(c) and Fed. R. Civ. P. 73. *Cf. Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d
     224, 229 n. 1 (W.D.N.Y. 2006) (holding that although magistrate judges do not have jurisdiction to
25   authorize final certification of a class under 28 U.S.C. § 636(b)(1)(A), they may exercise
     jurisdiction over motions seeking conditional class certification because these motions are only
26   preliminary determinations and not dispositive). Because the plaintiff now seeks entry of
     judgment, however, the absence of consent constrains the undersigned to proceed by way of a
27   request for reassignment to a district judge and a report and recommendation. *See Boskoff v. Yano*,
     217 F. Supp. 2d 1077, 1084 n. 4 (D. Haw. 2001) (holding that a motion to enforce a settlement
28   agreement and dismissal of claim was a dispositive motion requiring a magistrate judge to issue a
     report and recommendation).

                                               1
     Case No.: CV 11-00874 PSG
     ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  the Stipulation for Entry of Judgment, Plaintiffs Mike Geller and Mike Yarbrough as Trustees of

2  the International Brotherhood of Electrical Workers Local 302 Health and Welfare and Pension

3  Trust Funds (the "IBEW Trustees") now move for entry of judgment.  Having reviewed the papers,

4  the undersigned RECOMMENDS that judgment be entered.

5                                       **I.    BACKGROUND**

6         On February 24, 2011, the IBEW Trustees filed a complaint alleging that Bowers breached

7  a collective bargaining agreement (the "Agreement").  The IBEW Trustees allege that Bowers

8  failed to make payments to certain funds pursuant to the Agreement.[2]  The Agreement provides for

9  liquidated damages of 15 percent of the total amount due if payment is not made by the 20th day of

10 the following month.[3]  In addition, the Agreement provides for payment of reasonable attorney's

11 fees and costs incurred in collecting delinquent contributions.[4]  In the complaint, the IBEW

12 Trustees alleged that Bowers owed amounts for May 2010 and September – October 2010, along

13 with 15% liquidated damages for these months; and 15% liquidated damages for January – March

14 2010, June - August 2010, and November – December 2010; and interest, attorney's fees, and

15 costs.[5]

16        On September 12, 2011, the parties entered into a settlement agreement, set forth in the

17 Stipulation for Entry of Judgment.[6]  At the time the Stipulation for Entry of Judgment was entered,

18 the only amounts left due were the liquidated damages for the periods: January – March 2010, June

19 – August 2010, November 2010 – January 2011, and June 2011, totaling $11,505.49, plus

20 attorney's fees and costs of suit.[7]

21

22

23    [2] *See* Docket No. 1 at ¶ 10.

24    [3] *See id*. at ¶ 8.

25    [4] *See id*. at ¶ 9.

26    [5] *See id*. at ¶ 10.

27    [6] *See* Docket No. 13.

28    [7] *See* Docket No. 14 at ¶¶ 5-10.

Case No.: CV 11-00874 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION

**United States District Court**
For the Northern District of California

1       Under the settlement agreement, the IBEW Trustees agreed to waive liquidated damages in

2   the amount of $5,041.75, and Bowers agreed to pay the remaining $6,463.74 in two monthly

3   payments: the first payment in the amount of $3,000.00 and the final payment in the amount of

4   $3,463.74.[8]  Bowers also agreed to make payments on any further amounts that became due under

5   the Agreement.  Finally, the parties agreed that if payments were not made in a timely manner,

6   judgment would be entered against Bowers.[9]  This judgment would include $11,505.49 for

7   liquidated damages, $1,978.25 for attorney's fees, $350.00 for costs, totaling $13,833.74, plus

8   current contributions due, less any amounts paid in accordance with the Stipulation for Entry of

9   Judgment.[10]  The entry of judgment is contingent on ten days' written notice to Bowers, and a

10   declaration filed by the IBEW Trustees.[11]

11       The IBEW Trustees allege that Bowers has made no payments pursuant to the Stipulation

12   for Entry of Judgment.[12]  On November 1, 2011, the IBEW Trustees sent the required ten days'

13   notice to Bowers.[13]  On December 12, 2011, the IBEW Trustees filed a declaration in support of

14   entry of judgment.[14]   The IBEW Trustees request the court to enter judgment against Bowers in

15   the amount of $13,833.74, as stipulated by the parties.

## II.   LEGAL STANDARDS

17       "[I]n the usual litigation context . . . courts have inherent power summarily to enforce a

18   settlement agreement with respect to an action pending before it; the actual merits of the

19   controversy become inconsequential."[15]  Moreover, "disputes concerning a settlement agreement

20   are governed by applicable state contract law."[16]

---

[8] *See id*. Ex. A at 2.

[9] *See id*. Ex. A at 2-3.

[10] *See* Docket. No. 13 at 3.

[11] *See id*. at 2.

[12] *See* Docket No. 14  at 2.

[13] *See id*. Ex. B.

[14] *See* Docket No. 14.

[15] *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).

3

Case No.: CV 11-00874 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.    DISCUSSION

The Stipulation for Entry of Judgment expressly provides that judgment in the amount of $13,833.74 shall be entered against Bowers if he fails to make payment and the IBEW Trustees provide ten days' notice and a declaration.  Here, the IBEW Trustees state Bowers has made no payment as required under the settlement agreement.  The IBEW Trustees fulfilled the requirement that they provide ten days' notice and a declaration in support of entry of judgment.  The requested judgment is therefore warranted.

### IV.    CONCLUSION

The Clerk of the Court is directed to reassign this case to a United States District Judge. The court recommends that judgment then be entered against Bowers in the amount of $13,833.74.

**IT IS SO ORDERED.**

Dated: 4/13/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *2 (N.D. Cal. Mar. 31, 2010).

4

Case No.: CV 11-00874 PSG
ORDER TO REASSIGN CASE; REPORT & RECOMMENDATION